In re Henry GHERMAN, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. a/k/a FIP, Inc., Debtors.

Arthur G. SHAPIRO, M.D., et al., Plaintiffs,

v.

Henry GHERMAN, Joan Gherman, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. a/k/a FIP, Inc., Shari G. Rance, and Craig Gherman, Defendants.

James S. FELTMAN, as Trustee for Henry Gherman, First Financial Planning and Financial Planning & Investment, Inc. a/k/a FIP, Inc., Cross–claim and Third Party Plaintiff, .

v.

Henry GHERMAN, Joan Gherman, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. a/k/a FIP, Inc., Shari G. Rance and Craig Gherman, Cross–claim and Third Party Defendants.

Bankruptcy No. 88–03266–BKC–TCB.
Adv. No. 88–0581–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

July 28, 1989.

See also, Bkrtcy., 101 B.R. 807.

Joel M. Aresty, Miami, Fla., for defendants Henry Gherman, First Financial Planning Corp., Financial & Inv. Planning, Inc., FIP, Inc., and Pro-Med Services, Inc.

Thomas K. Equels, Holtzman, Krinzman & Equels, Coral Gables, Fla., Ronald G. Neiwirth, Miami, Fla., William R. Amlong, Amlong & Amlong, P.A., co-counsel, Ft. Lauderdale, Fla., for Joan Gherman, Shari Gherman Rance and Craig Gherman.

James S. Feltman, Miami, Fla., Chapter 11 trustee.

Ronald R. Peterson, Jenner & Block, Chicago, Ill., John W. Kozyak, co-counsel, Miami, Fla., for Chapter 11 trustee.

Schantz, Schatzman, Aaronson & Berlin, P.A., Miami, Fla., for Chapter 11 Creditors' Committee.

Robert L. Koeppel, Mitchell K. Karpe, Miami, Fla., for Alec Wallace.

Timothy J. Norris, Weil, Gotshal, Manges, Miami, Fla., Co-counsel for Receiver.

David M. Levine, Miami, Fla., for plaintiff Dr. Arthur Shapiro.

Kevin C. Gleason, Acting Asst. U.S. Trustee, Miami, Fla.

## ORDER DENYING RECOVERY OF EXPERT WITNESS FEE

THOMAS C. BRITTON, Chief Judge.

The prevailing party in this adversary proceeding, the bankruptcy trustee, has moved (CP 162) to tax $73,801 as costs against the defendants on account of the trustee's expense in retaining accountants, whose testimony was the crux of the trustee's case and was most persuasive to this court.

The motion, though unopposed by defendants, was questioned by the court, and movant requested "several days" to submit authority or precedent for his motion. No such submission has been received.

For the reasons which follow, the motion is denied without prejudice to taxation of witness fees pursuant to 28 U.S.C. § 1821(b) by the Clerk, if movant files an appropriate motion. The statute permits payment for witnesses' attendance at trial, at the rate of $30 for each day. I believe that this case was concluded in one day.

Expenses incidental to or incurred in preparation for trial, including accountant's fees connected with trial preparation are not taxable as costs. 10 *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure* § 2677 n. 59; *Union Carbide & Carbon Corp. v. Nisley,* 300 F.2d 561, 586 (10th Cir.1961), *cert. dism'd,* 371 U.S. 801, 83 S.Ct. 13, 9 L.Ed.2d 46 (1962) (accounting firm's fees for services in prosecution of antitrust suits not recoverable); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (prevailing party's expert witness fees are limited to those authorized under 28 U.S.C. § 1821).

DONE and ORDERED.